IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK MORTENSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-6150 |
| | ) |
| DWIGHT ARROWOOD, MICHAEL BASSI, | ) |
| KEVIN GAUER, MICHAEL KUVALES, | ) |
| WAYNE MCCRAKEN AND LAKE COUNTY, | ) |
| | ) |
| Defendants. | ) |

Memorandum Opinion and Order

According to the amended complaint in this case, plaintiff was crossing a busy street on August 27, 2021 when defendant Arrowood, a Lake County Sheriff's Department officer, ordered his canine partner to attack plaintiff without warning. Although plaintiff did not resist, the dog continued to bite and hold him, causing serious injuries. On August 25, 2023—days before the relevant statute of limitations expired—plaintiff filed this action for damages against defendant Arrowood based on his use of excessive force; against officers Bassi, Gauer, Kuvales, and McCraken for failure to intervene; and against Lake County based on its practices, policies and customs, all under 42 U.S.C. § 1983. Additionally, plaintiff asserted state law claims against Lake

County for *respondeat superior* and indemnification. Defendants filed a motion to dismiss Counts IV and V of the complaint, which correspond to plaintiff's § 1983 and *respondeat superior* claims against Lake County. The motion is granted for the reasons explained below.

Plaintiff concedes that the *respondeat superior* claim should be dismissed, but he argues as to the § 1983 claim—which the amended complaint captions "Monell"—that he should be allowed to proceed against Lake County. Alternatively, plaintiff seeks leave to amend his complaint to name the Lake County Sheriff's Department as the proper party. For the reasons that follow, the motion to dismiss is granted, as is plaintiff's request for leave to amend his complaint.

Plaintiff's allegations of misconduct by agents of the Lake County Sheriff's department do not support a *Monell* claim against Lake County. *See, e.g., Martinez v. Sgt. Hain*, 2016 WL 7212501, at *4 (N.D. Ill. 2016). Indeed, as plaintiff's own authority acknowledges:

> In Illinois, a county sheriff is an "'independently elected county officer and is not an employee of the county in which the sheriff serves.'" *Askew v. Sheriff of Cook Cty., Ill.*, 568 F.3d 632, 636 (7th Cir. 2009) (quoting *Carver v. Sheriff of La Salle County*, 787 N.E.2d 127, 136 (Ill. 2003)). Although Illinois sheriffs may be agents of their county, they are not subject to their county's control. *See Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989) ("Cook County itself has no authority to train the employees involved or to set the policies under which [the sheriff's employees]

2

> operate."); *Moy v. Cty. of Cook*, 159 Ill. 2d 519, 532 (1994) ("The county is given no authority to control the office of the sheriff."). "[T]he lack of identity between the county sheriff's department and the general county government indicates that § 1983 suits against sheriffs in their official capacities are in reality suits against the county sheriff's department rather than the county board." Franklin, 150 F.3d at 686. "Accordingly, courts routinely dismiss *Monell* claims against counties predicated on alleged misconduct by the sheriff's office."

*Fonza v. Will Cnty. Jail*, No. 16-CV-10396, 2018 WL 264197, at *3 (N.D. Ill. Jan. 2, 2018). Plaintiff's response—which raises arguments concerning the County's indemnification obligations and the officers' status as agents of the County—reflects confusion about the *Monell* theory of liability.

A municipal entity can be held liable under § 1983 only "when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy," causes the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of City of New York*, 536 U.S. 658, 694 (1978). No one disputes that the County is a proper defendant based on its indemnification obligations under state law, but that has no bearing on the viability of plaintiff's § 1983 claim. Nor does plaintiff's federal claim find support in his allegations of agency, as the County also cannot be held liable under § 1983 on the basis of *respondeat superior*. See *id*. at 691.

But plaintiff's amended complaint does include allegations relevant to a *Monell* claim. See Am. Compl. at ¶¶ 39-41. In these

3

paragraphs, plaintiff states that Lake County had, and that his injuries were caused by, the following practices, policies, or customs:

> a) arbitrary use of excessive force to wit: using a K9 partner against suspects, arrestee, detainees and other civilians when not justified to do so;
> b) preparing false and incomplete police reports to cover up police misconduct;
> c) a code of silence in which sheriff's deputies fail to report deputy misconduct;
> d) failing to adequately train, supervise and discipline sheriff's deputies as to when it was justified to use a K9 partner to attack suspects, arrestee, detainees and other civilians;
> e) failing to adequately investigate citizen complaints against sheriff's deputies; and
> f) failing to adequately discipline sheriff's deputies for misconduct.

Am. Compl. at ¶ 39. The trouble with these allegations, however, is that whichever municipal entity they target, they are simply

> conclusory statements—catch phrases exhumed from other successful *Monell* cases, strung together in a kitchen-sink pleading approach—that have become all too common in Monell claims raised in non-pro-se § 1983 cases." *Maglaya v. Kumiga*, 2015 WL 4624884, at *5 (N.D. Ill. Aug. 3, 2015). A plaintiff cannot allege a single transgression, add vague boilerplate that this transgression resulted from a "widespread practice," and then proceed to discovery in the hopes of finding factual support for a *Monell* claim. *Id.*; *see also Falk* [*v. Perez*, 973 F. Supp. 2d 850, 864 (N.D. Ill. 2013)] ("Plaintiff names the wrongs she suffered and alleges that they resulted from a policy or custom. These bare allegations of a policy or custom are not entitled to the presumption of truth."); *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985).

*Martinez*, 2016 WL 7212501, at *7. For this additional reason, dismissal of Count IV is appropriate.

Plaintiff may, however, amend his complaint to add a § 1983 claim against the Lake County Sheriff in his official capacity (which is another way of saying against the office of the Sheriff, *see Franklin v. Zaruba*, 150 F.3d 682, 684-86 (7th Cir.1998)), based on the conduct he attributes to the individual officers. Plaintiff does not dispute that such a claim is untimely unless it relates back to his original complaint. Defendant urges me to conclude that plaintiff cannot satisfy the requirements for relation back, but that is not apparent from the materials before me.

Under Fed. R. Civ. P. 15(c)(1)(A), "[a]n amendment to a pleading relates back to the date of the original pleading when ... the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Here, the statute of limitations comes from Illinois law, which provides that an amendment adding a new defendant relates back to the date of the original filing if:

(1) the time prescribed or limited had not expired when the original action was commenced;

(2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and

5

>   (3)  it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading[.]

735 Ill. Comp. Stat. Ann. 5/2-616. Defendants do not dispute that criteria (1) and (3) are satisfied, nor do they claim that the Sheriff lacked timely notice of the suit or would otherwise be prejudiced in his defense by plaintiff's failure to name him in his timely complaint. Defendants argue only that a § 1983 claim against the Sheriff would not relate back because plaintiff's omission of the Sheriff was not a "mistake" as the Seventh Circuit interprets that word in this context, citing *Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021), cert. denied, 142 S. Ct. 1414, 212 L. Ed. 2d 403 (2022). But *Herrera* does not control the outcome here, as that case concerned the plaintiff's decision to name a "John Doe" defendant because she did not know the officer's identity, not a plaintiff's apparent misunderstanding about which of two municipal offices, if any, was legally responsible for the alleged misconduct. Defendants point to *Herrera*'s observation that "a plaintiff's deliberate choice to sue one party over another while 'fully understanding factual and legal differences' between them is 'the antithesis of making a mistake concerning the proper party's identity,'" *id*. at 498 (quoting *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 549 (2010)), but given plaintiff's (read: plaintiff's counsel's) apparent confusion about the grounds on

6

which his *Monell* claim rests, it is at least plausible that his naming of the County rather than the Sheriff was the kind of legal mistake that Rule 15(c) contemplates. *See Woods v. Indiana Univ.- Purdue Univ. at Indianapolis*, 996 F.2d 880, 883 (7th Cir. 1993) (emphasizing the "broad scope to be given Rule 15(c)" in view of the principle that "the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems," and concluding that counsel's "legal blunder" was the kind of mistake that could support relation back).

For the reasons above, defendant's motion to dismiss is granted. Plaintiff has until January 19, 2023, to file an amended complaint consistent with this opinion.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: January 9, 2024